**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANIEL C. DECARLO, SB# 160307
  E-Mail: Dan.DeCarlo@lewisbrisbois.com
JOSEPHINE A. BROSAS, SB# 239342
  E-Mail: Josephine.Brosas@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants Bright Trading Corp., Steven Cheng, Diamond Footwear, Inc., and Shirley Cheng

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHT TRADING CORP., a California Corporation; STEVEN CHENG, an individual; DIAMOND FOOTWEAR, INC., a California Corporation; SHIRLEY CHENG, an individual and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:14-CV-00198<br><br>*[Assigned To: The Hon. John A. Kronstadt Crtrm.:750 - 7th Floor]*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)**<br><br>[*Notice of Motion and [Proposed] Order Filed Concurrently Herewith*]<br><br>Hearing Date: April 21, 2014<br>Time:         8:30 a.m.<br>Courtroom:    750 – 7th Floor |

4835-5105-4104.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Deckers Outdoor Corporation ("Deckers") seeks to assert claims against corporate defendants Bright Trading Corp., Diamond Footwear, Inc., and individual defendants Steven Cheng and Shirley Cheng, for: (1) trade dress infringement; (2) false designations of origin and false descriptions; (3) federal unfair competition; (4) patent infringement; and (5) unfair competition under California common law.

The Complaint, however, lumps all defendants together as having committed all the alleged wrongful acts. The Complaint seeks to attach **personal liability** against the individual defendants, but the only allegation in the Complaint with respect to them personally is the following conclusory allegation:

> Upon information and belief, Defendants Steven Cheng and Shirley Cheng are officers, members, directors, and/or managing agents of the defendant corporations, and are the active, moving, conscious forces behind the infringing activities alleged herein.

(Complaint, ¶26) (Dkt. #1).

The above vague, conclusory, and factually-devoid allegation is plainly insufficient to state a claim for personal liability against these individual defendants.

Under well-settled law, "the 'corporate veil' shields a company's officers from personal liability for direct infringement <u>that the officers commit in the name of the corporation</u>, unless the corporation is the officers' 'alter ego.'" *Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.,* 609 F.3d 1308, 1313 (Fed. Cir. 2010) (quoting *Wechsler v. Macke Int'l Trade, Inc*., 486 F.3d 1286, 1295 (Fed. Cir. 2007) (Emphasis added). Thus, to determine whether each of these individuals is "personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil." *Orthokinetics Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565, 1579 (Fed. Cir. 1986). Here, the alleged "infringing activities" are sales of the accused infringing products <u>by the corporate</u>

4835-5105-4104.1

1

1 defendants. See Complaint, ¶¶23-25.  These corporate sales form the basis for all the claims in the Complaint.  The Complaint, however, is completely devoid of any allegations that would hold these individual defendants personally liable for such sales.

Moreover, even assuming (as it is not clear from the face of the Complaint) that Deckers does not claim alter ego liability or a theory of piercing the corporate veil against these individual defendants, Deckers' Complaint also fails to satisfy the Rule 8 pleading standard because it fails to even plead—generally—sufficient facts that these individual defendants should be personally liable for the alleged wrongful acts. Deckers' pro-forma, conclusory and formulaic recitation that these defendants are the "*active, moving, conscious forces behind the infringing activities*"—is simply insufficient to state a claim.  This utterly fails to give these individuals the **fair notice** that is required under Rule 8.

The Complaint merely names these defendants individually **with no substantive allegation directed to them personally**.  Thus, without any other legal justification, it appears that Deckers named these individual defendants only to gain some perceived (*albeit* erroneously) litigation advantage by hauling these individual defendants into Court.  Accordingly, individual defendants Steven Cheng and Shirley Cheng respectfully request the dismissal of all the claims asserted by Deckers against them[1].

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil

---

[1] If the claims against Steven Cheng and Shirley Cheng are dismissed herein, or at some later time, they expressly reserve the right to seek sanctions against Deckers and its counsel in accordance with Fed.R.Civ.P. 11.  It is doubtful that Deckers has met its Rule 11 pleading requirements as to both individual defendants, and it is unclear as to what the factual or evidentiary basis is for alleging personal liability as nothing has been alleged in the Complaint.

4835-5105-4104.1                               2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)

Procedure 8(a), which requires a "short and plain statement of the claim" showing that the pleader is entitled to relief. Although Rule 8 "does not require 'detailed factual allegations,' . . . **it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation.**" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (Emphasis added).

In other words, "**a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**." *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Nor does a complaint suffice if it tenders **'naked assertion[s]' devoid of 'further factual enhancement.**'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, **the Court need not accept as true "legal conclusions" contained in the complaint**. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'" that the pleader is entitled to relief.'" *Id.*

### III. THE COMPLAINT MUST BE DISMISSED BECAUSE IT IS DEVOID OF ANY FACTS THAT WOULD SUPPORT *PERSONAL* LIABILITY OF

# EACH OF THE INDIVIDUAL DEFENDANTS

### A. Deckers' Claims Against Steven Cheng and Shirley Cheng Should be Dismissed Under the Well-Established Alter-Ego Doctrine.

Under patent law, "the 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (quoting *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007)). To determine whether alter ego liability applies under § 271(a), courts must apply the law of the regional circuit. *Wechsler*, 486 F.3d at 1295; *see also Wordtech*, 609 F.3d at 1313; *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986). The Ninth Circuit applies the law of the forum state, which in this case is California. *Wechsler*, 486 F.3d at 1295 (*citing Towe Antique Ford Found. v. IRS*, 999 F.2d 1387, 1391 (9th Cir. 1993)).

The corporate entity may only be disregarded—or the "corporate veil" pierced— where an abuse of the corporate privilege justifies holding the equitable ownership of a corporation liable for the actions of a corporation. *Roman Catholic Archbishop v. Sup. Ct.*, 15 Cal. App. 3d 405, 411 (Cal. Ct. App. 1971).

"California courts generally treat the alter ego doctrine as a drastic remedy and disregard the corporate form only reluctantly and cautiously." *Id.* In general, California courts allow the corporate veil to be pierced "[o]nly when (1) 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and the corporation has ceased,' and (2) 'an adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice.'" *Id.* (quoting *Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988)).

The factors to be considered in applying the alter ego doctrine are, *inter alia*, "commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two

entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." *Roman Catholic Archbishop*, 15 Cal. App. 3d at 406-411.  Other factors include "inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers." *Sonora Diamond Corp. v. Supt. Ct.,* 83 Cal. App. 4th 523, 538 (Cal. Ct. App. 2000).

Allegations of conduct required to "pierce the corporate veil" and hold the individual defendants personally liable for acts they committed on behalf of the corporation are remarkably absent from Deckers' Complaint—likely, because evidence of such simply does not exist.  Here, the Complaint alleges only that:

> Defendants Steven Cheng and Shirley Cheng ***are officers, members, directors, and/or managing agents of the defendant corporations***, and are the active, moving, conscious forces ***behind the infringing activities*** alleged herein.

Complaint, ¶26. (Emphasis added).  The alleged "infringing activities" which form the basis for each of the causes of action in the Complaint are *sales of the corporate defendants, and <u>not</u> sales made by these individual defendants <u>personally on behalf of themselves individually</u>*:

> **"Defendants' Infringement of the Bailey Button Boot Trade Dress and Bailey Button Design Patents**:
>
> ***
>
> 23. Upon information and belief, Plaintiff hereon avers that Defendant Bright Trading Corp. advertises, offers for sale, and sells footwear, including the Infringing Products, at its store, located at 9844 E. Rush Street, South El Monte, California 91733.
>
> 24. Upon information and belief, Defendant Bright Trading Corp. has offered for sale and/or sold the Infringing Products to other resellers and/or retailers within this judicial district.



4835-5105-4104.1

5

25. Upon information and belief, Defendant Diamond Footwear, Inc. is the designer, manufacturer, and/or supplier of the Infringing Products in question and has engaged in the offering for sale and/or sale of Infringing Products to various wholesalers and retailers, including Defendant Bright Trading Corp.

Complaint, ¶¶23-25 (Emphasis in original).

Thus, by its very allegations, Deckers' Complaint merely names Steven Cheng and Shirley Cheng as agents of the corporations and the "force" "behind" the corporate acts, but with no substantive allegation against them personally, and with no alleged facts that would support piercing the corporate veil.

Indeed, courts have dismissed claims brought against officers or directors of a corporation when the Complaint is devoid of facts such as here. For example, in *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC,* 2011 U.S. Dist. LEXIS 88742 (S.D. Cal. Aug. 10, 2011), the court dismissed the Plaintiff's causes of action against the named individual defendant, the president of the named corporate defendant in that case. According to the court: "Plaintiff fails to allege sufficient facts for this Court to reasonably infer that piercing the corporate veil is proper . . . Plaintiff fails to allege an inequitable result. 'The kind of inequitable result that makes alter ego liability appropriate is an abuse of the corporate form, such as under-capitalization or misrepresentation of the corporate structure to creditors.' Plaintiff makes no such allegations of inequitable result here." *Weiland,* 2011 US Dist. LEXIS 88742 at 5-6, citing to *Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988)

Similarly, in *Hoover Group v. Custom Metalcraft*, 84 F.3d 1408, 1412 (Fed. Cir. 1996), the Federal Circuit reversed the district court's ruling that held the individual defendant personally liable for patent infringement because [i]n the case at bar it was not alleged that [the corporate defendant's] corporate structure was a sham, or existed merely to shield [the individual defendant] from liability for 'fraud or wrong' or violation of any legal duty". In *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d

544, 553, 16 U.S.P.Q.2D (BNA) 1587, 1594 (Fed. Cir. 1990) the Federal Circuit held that "to be personally liable for Paramount's infringement under section 271(a), there must be evidence to justify piercing the corporate veil." Id. at 552, 16 U.S.P.Q.2D (BNA) at 1593.

Accordingly, Deckers' bare allegations fail to provide a sufficient basis for personal liability against the individual defendants.

**B.  Even Assuming that Deckers is Not Seeking to Pierce the Corporate Veil, Claims Against Steven Cheng and Shirley Cheng Should Nevertheless be Dismissed Because Such Claims Fails to Meet the Rule 8 Pleading Standards.**

As an additional and independent ground, Deckers' Complaint also fails to satisfy the Rule 8 pleading standard because it fails to even plead—generally—sufficient facts that these individual defendants should be personally liable for the alleged wrongful acts.

Here, Deckers' Complaint only alleges that Steven Cheng and Shirley Cheng "are the active, moving, conscious forces behind the infringing activities alleged herein". This is plainly insufficient under Rule 8.

As discussed above, Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft, supra.* "[A] plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In general, a corporate officer is personally liable for his tortious acts, just as any individual may be liable for a civil wrong. "When personal wrongdoing is not supported by legitimate corporate activity, the courts have assigned personal liability for wrongful actions even when taken on behalf of the corporation. However, this liability has been qualified, in extensive jurisprudence, by the distinction between commercial torts committed in the course of the officer's employment, and negligent

and other culpable wrongful acts." *Hoover*, 84 F.3d at 1411.

"Thus when a person in a control position causes the corporation to commit a civil wrong, imposition of personal liability requires consideration of the nature of the wrong, the culpability of the act, and whether the person acted in his/her personal interest or that of the corporation." *Id.,* citing to 3A WILLIAM MEADE FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS §§ 1134-1166 (1994 REVISED VOLUME) (XXIX "LIABILITY OF OFFICERS AND DIRECTORS TO THIRD PERSONS FOR TORTS").

"For example, corporate officers have been held personally liable when they participated in conversion, id. § 1140, breach of fiduciary duty, id. § 1141, fraud, id. § 1143, and malicious prosecution, id. § 1160; and have been held **not** to be personally liable for commercial torts such as interference with contractual relations" **if they were acting in the corporation's interest,** id." *Hoover*, 84 F.3d at 1411 (Emphasis added).

Finally, the cases relied upon[2] by Deckers are inapposite because they pertain, not to pleading requirements to assert personal liability, but the **evidence after summary judgment** and **trial** in holding the individual defendants personally liable. Specifically, in *Bambu Sales, Inc. v. Sultana Crackers, Inc*., 683 F. Supp. 899, 914 (E.D.N.Y. 1987), the court found that it was "uncontested" at the summary judgment that the individual defendants themselves purchased counterfeit goods and resold it to various other entities, arranged for the purchase and resale of the counterfeit merchandise, "personally received the merchandise, and was in fact the only individual at [the corporation] who was involved in the transactions". *Id.*  Thus, the court held the individual defendants personally liable.

Deckers' reliance on *Babbit Elecs. v. Dynascan Corp*., 828 F. Supp. 944, 960 (S.D. Fla. 1993) equally fails because in that case, after a bench trial, the court found

---

[2] We learned of Deckers' alleged supporting authority by virtue of the pre-filing meet and confer.

4835-5105-4104.1

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)

1  that "[n]either [of the individual defendants] submitted any evidence to contest the fact that they authorized, directed and participated in the infringement". *Id.*

Finally, in *Committee for Idaho's High Desert v. Yost*, 92 F.3d 814, 823 (9th Cir. Idaho 1996), the "district court found <u>after trial</u> that Yost, Hoffman and Johns 'knowingly, intentionally and deliberately adopted and used [appellee's] name . . . in order to cause confusion, obstruct [appellee's] pursuit of its environmental agenda, and thereby to obtain an advantage in the snail de-listing litigation by preventing [appellee's] intervention therein'". (Emphasis added).

Deckers' allegations are precisely the type of fact-barren, conclusory pleading that is insufficient under Rule 8.  The Complaint fails to provide these individual defendants with "fair notice of what the  . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555.

## IV. CONCLUSION

For the foregoing reasons, the individual defendants respectfully request that the Court dismiss the claims against them.   If mere pro-forma, conclusory and formulaic allegations that these defendants are the "*active, moving, conscious forces behind the infringing activities*" are found to suffice, this would bypass Rule 8 and alter ego pleading requirements, and open the floodgates of being able to assert *personal* liability against any corporation's director or officer, without more.

Respectfully, submitted,

DATED: February 20, 2014          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:       /s/ Josephine A. Brosas
         Daniel C. DeCarlo
         Josephine A. Brosas
         Attorneys for Defendants Bright Trading Corp., Steven Cheng, Diamond Footwear, Inc., and Shirley Cheng

4835-5105-4104.1

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)