1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  *Attorneys for Plaintiff*
   *Deckers Outdoor Corporation*

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 DECKERS OUTDOOR CORPORATION,  ) CASE NO. 2:14-CV-00198-JAK
   a Delaware Corporation,        )
12                                ) **PLAINTIFF DECKERS OUTDOOR**
                                  ) **CORPORATION'S**
13              Plaintiff,         ) **MEMORANDUM OF POINTS AND**
                                  ) **AUTHORITIES IN OPPOSITION**
14         v.                     ) **TO DEFENDANTS' MOTION TO**
                                  ) **DISMISS**
   BRIGHT TRADING CORP., a California, )
15 Corporation; STEVEN CHENG an   )
   individual; DIAMOND FOOTWEAR   )
16 INC., a California Corporation; SHIRLEY )
   CHENG, an individual and DOES 1-10, )
17 inclusive,                     ) Date:       Monday, April 21, 2014
                                  ) Time:       8:30 a.m.
18              Defendants.        ) Courtroom:  750 - Roybal
                                  )
19                                )
                                  )
20                                ) **Hon. John A. Kronstadt**
                                  )
21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Defendants' Rule 12(b)(6) Motion to Dismiss is based entirely on the mistaken notion that the individual Defendants are not personally labile for infringement without pleading "alter-ego" or piercing of the corporate veil.  Indeed, while Defendants have moved to dismiss all claims against individual Defendants Steven Cheng and Shirley Cheng, Defendants only address individual liability on Plaintiff Deckers Outdoor Corporation's ("Deckers") patent claim in its moving papers.  Nonetheless, Deckers has properly pled all claims to establish liability as against both the Defendant corporations as well as the individual Defendants.

Deckers has pled that the individual Defendants are "*officers, members, directors, and/or managing agents*" of the Defendant corporations and were the "*active, moving, conscious force[s]*" behind the alleged infringing activities.  Furthermore, Deckers has pled that Defendants' infringing activities were "*deliberate,*" "*willful*" and "*intended*" to cause confusion.  Such allegations are sufficient to withstand a motion to dismiss.  Unlike a breach of contract matter in which individual liability of an officer is only established where they are the alter-ego of the corporation, infringement of another's intellectual property is a tort and any *individual* can be liable, regardless of considerations of the corporate form.

Based on the foregoing, Deckers respectfully requests that this Court deny Defendants' Motion to Dismiss.  In the event Defendants' motion is granted, Deckers is entitled to leave to amend.

### II.  STATEMENT OF FACTS

On January 9, 2014, Deckers filed the Complaint in the present action against Defendants Bright Trading Corp., Diamond Footwear, Inc., Shirley Cheng, and Steven Cheng for Trade Dress Infringement, False Designations of Origin, Patent Infringement, and Unfair Competition under federal and common law.  Deckers made, in pertinent part, the following allegations:

Deckers has become well known throughout the United States and elsewhere as a source of high quality footwear products identified at least by its UGG® brand of premium footwear.  (Complaint, ¶ 11)  Some of the more widely recognized styles within the UGG® family of sheepskin boots are the "Bailey Button" styles.  The Bailey Button styles (examples of which are shown below) are characterized, *inter alia*, by

- Classic suede boot styling made famous by the UGG brand;
- Overlapping of front and rear panels on the lateral side of the boot shaft;
- Curved top edges on the overlapping panels;
- Exposed fleece lining edging the overlapping panels and top of the boot shaft; and
- One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels.

(hereinafter "Bailey Button Boot Trade Dress").  (Complaint, ¶ 13)

  

Introduced in 2009, the Bailey Button Boot Trade Dress has continuously appeared on UGG® boots, which have been featured on Deckers' advertising and promotional materials as well as in the trade publications set forth above.  (Complaint, ¶ 17)  Deckers has extensively used and promoted the Bailey Button Boot Trade Dress such that it is closely identified with the UGG® brand and has gained widespread public recognition.  (Complaint, ¶ 18)

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  Many of Deckers' UGG® footwear designs, including those with the Bailey
2  Button Boot Trade Dress, are also protected by design patents issued by the United
3  States Patent and Trademark Office.  Design Patents for UGG® Bailey Button Boot
4  styles include, but are not limited to, U.S. Patent Nos. D599,999 for the "Bailey Button
5  Single" boot (registered on September 15, 2009) and D616,189 for the "Bailey Button
6  Triplet" boot (registered on May 25, 2010) (hereinafter "Bailey Button Design
7  Patents").  (Complaint, ¶ 20, Ex. 1)  Deckers is the lawful assignee of all right, title,
8  and interest in and to the Bailey Button Design Patents.  (Complaint, ¶ 21)

9  Plaintiff's claims are based upon Defendants' manufactured, design,
10  advertisement, marketing, distribution, offering for sale, and/or sale of footwear that
11  infringe upon Plaintiff's Bailey Button Boot Trade Dress and Bailey Button Design
12  Patents ("Infringing Products").  (Complaint, ¶ 22)  Defendant Bright Trading Corp.
13  advertises, offers for sale, and sells footwear, including the Infringing Products, at its
14  store, located at 9844 E. Rush Street, South El Monte, California 91733.  (Complaint, ¶
15  23)  Defendant Diamond Footwear Inc. is the designer, manufacturer, and/or supplier
16  of the Infringing Products in question and has engaged in the offering for sale and/or
17  sale of Infringing Products to various wholesalers and retailers, including Defendant
18  Bright Trading Corp.  (Complaint, ¶ 25)

19  With respect to the individual Defendants, Deckers has alleged that Defendants
20  Steven Cheng and Shirley Cheng are "***officers, members, directors, and/or managing
21  agents***" of Bright Trading Corp. and Diamond Footwear, Inc., respectively, and are the
22  "***active, moving, conscious forces behind the infringing activities alleged***" in the
23  Complaint.  (Complaint, ¶¶ 6, 8, 26)  Deckers has not granted a license or any other
24  form of permission to Defendants with respect to the Bailey Button Boot Trade Dress
25  and/or the Bailey Button Design Patents.  (Complaint, ¶ 27)

26  Finally, Deckers alleges that Defendants' acts "had knowledge of Deckers'
27  rights to the Bailey Button Boot Trade Dress and its Bailey Button Design Patents,"
28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1  and that its infringing acts were "deliberate" and "intended to cause confusion, or to

2  cause mistake, or to deceive" consumers.  (Complaint, ¶¶ 28 - 30, 57, 67, 74 - 78)

3  ### III.   LEGAL STANDARD ON A MOTION TO DISMISS

4  It is well established that 12(b)(6) motions are disfavored and rarely granted.

5  [Kaisar Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d

6  1045, 1050 (5th Cir. 1982); U.S. v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981)]

7  The issue on a Motion to Dismiss for failure to state a claim is not whether a claimant

8  will ultimately prevail but whether the claimant is entitled to offer evidence to support

9  the claims asserted.  [Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th

10 Cir. 1997)]  The accepted rule is that a complaint is not to be dismissed "unless it

11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

12 which would entitle him to relief."  [Coney v. Gibson, 355 U.S. 41, 45-46 (1957);

13 Russell v. Laundries, 621 F.2d 1037, 1039 (9th Cir. 1980)][1]

14 In making this determination, all factual allegations are to be taken as true and

15 construed in the light most favorable to the non-moving party.  [Levine v.

16 Daimanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991); Leatherman v. Tarrant

17 County Narcotics and Coordination Unit, 507 U.S. 163 (1993)]  Complaints and any

18 ambiguities contained therein are construed in the favor of plaintiff.  [Parks School of

19 Business, Inc. v. Symington 51 F.3d 1480, 1484 (9th Cir. 1995); International Audio

20 Text v. AT&T, 62 F.3d 69, 72 (2nd Cir. 1995)]  Courts must assume that all general

21 allegations "embrace whatever specific facts might be necessary to support them".

22 [Peloza v. Capistrano Unified, 37 F.3d 517, 521 (9th Cir. 1994), cert. denied 515 U.S.

23

24 [1] Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires a "short and plain
25 statement of the claim showing that the pleader is entitled to relief.  The notice pleading standard set
   forth in Rule 8 establishes a powerful presumption against rejecting pleadings for failure to state a
26 claim.  [Sebastian International v. Russolillo, 186 F.Supp. 2d 1055, 1063 (CD Cal. 2000)]  Under this
   standard, "a complaint will be deemed inadequate only if it fails to (1) provide notice of the
27 circumstances which give rise to the claim, or (2) set forth sufficient information to outline the
   elements of the claim or permit inferences to be drawn that these elements exist." [Gen. Star. Indem.
28 Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir.1999)]

1  1173 (1995)]  Dismissal pursuant to Rule 12(b)(6) is proper only when there is either

2  "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a

3  cognizable legal theory." [Balistreri v. Pacifica Police Dep't, 901 F.2d 696 (9th Cir.

4  1990)]  However, a party need not state the legal basis for his claim, only the facts

5  underlying it. [McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th

6  Cir.1990)]

7  **IV.  <u>DECKERS PROPERLY MEETS THE PLEADING STANDARDS FOR</u>**

8  **<u>ALL CLAIMS, THEREFORE DEFENDANTS' MOTION TO DISMISS</u>**

9  **<u>SHOULD BE DENIED</u>**

10      Defendants request the dismissal of all claims against the individual Defendants,

11  Steven Cheng and Shirley Cheng.  [Motion to Dismiss ("Motion") 3:17-18]  However,

12  Defendants' Motion is devoid of any argument concerning any claims other than

13  design patent infringement.  That being said, Deckers clearly meets the pleading

14  requirement standard as it applies to all claims alleged.  Contrary to Defendants'

15  contentions, there is no per-se requirement of piercing the corporate veil or alleging an

16  alter-ego.  [Motion 2:13-18]  It is well-settled in the Ninth Circuit that a "corporate

17  officer or director is, in general, personally liable for all torts which he authorizes or

18  directs or in which he participates, notwithstanding that he acted as an agent of the

19  corporation and not on his own behalf." [Transgo, Inc. v. Ajac Transmission Parts

20  Corp., 768 F.2d 1001, 1021 (9th Cir. 1985)]

21      **A.    Deckers Has Alleged Facts Sufficient to State a Claim Against the**

22          **Individual Defendants on its Lanham Act Claims**

23      In the context of infringement, corporate officers "are personally liable for the

24  corporation's copyright and trademark infringements when they are a 'moving, active

25  conscious force' behind the corporation's infringement." [Novell, Inc. v. Unicom

26  Sales, Inc., 2004 WL 1839117, *17 (N.D.Cal., 2004); Chanel, Inc. v. Italian

27  Activewear of Florida, Inc., 931 F.2d 1472, 1477-78 (11th Cir., 1991) (individual may

28  be held liable for Lanham Act violations if she has "actively caused infringement as a

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

moving, conscious force"); <u>Chloe v. DesignersImports.com USA, Inc.</u>, 2009 WL 1227927, at *11 (S.D.N.Y. Apr. 30, 2009) ("[T]he individual liability of a corporate officer for [her] participation in unlawful conduct is distinct from any issues of piercing the corporate veil." (internal quotation marks and citation omitted)).]

"Because '[t]he owner of a trademark is entitled to protection against all who play a significant role in accomplishing an unlawful infringement,' any person 'participating in the unlawful infringement of a trademark may be liable even though merely acting as [an] officer[ ] of a corporation.' [<u>JTH Tax, Inc. v. Gouneh</u>, 721 F.Supp.2d 132, 140 (N.D.N.Y., 2010) citing <u>Burberry Ltd. v. Euro Moda, Inc.</u>, 2009 WL 1675080, at *17 (S.D.N.Y. June 10, 2009) (internal quotation marks and citations omitted); see also 15 U.S.C. § 1125]

With respect to the individual Defendants, Deckers has alleged that Defendants Steven Cheng and Shirley Cheng are "***officers, members, directors, and/or managing agents***" of Bright Trading Corp. and Diamond Footwear, Inc., respectively, and are the "***active, moving, conscious forces behind the infringing activities alleged***" in the Complaint.  (Complaint, ¶¶ 6, 8, 26)  These allegations are sufficient to state a cause of action against said individual Defendants.  Indeed, courts have routinely denied motions to dismiss where similar allegations, without more, were pled.  [See e.g. <u>Riverdeep Interactive Learning, Ltd. v. MPS Multimedia, Inc.</u>, 2006 WL 3797962 (N.D. Cal. Dec. 22, 2006); <u>Best of Everything of Sw. Florida, Inc. v. Simply the Best, LLC</u>, 2011 WL 4634147 (M.D. Fla. Oct. 6, 2011); <u>JTH Tax, Inc. v. Gouneh</u>, 721 F.Supp.2d 132, 140 (N.D.N.Y., 2010)]

In <u>Riverdeep</u>, the court denied defendants' motion to dismiss claims of trademark infringement for failure to state a claim against an individual defendant where both the corporation and individual were named.  [<u>Riverdeep Interactive Learning, Ltd. v. MPS Multimedia, Inc.</u>, 2006 WL 3797962 (N.D. Cal. Dec. 22, 2006)] In <u>Riverdeep</u>, even though the plaintiffs' allegations concerning individual liability of the corporation's officer was confined to a single paragraph: "*Chen, as MPS' President*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*and CEO, directs, controls and ratifies the actions of MPS including the unlicensed and unauthorized replication and distribution of Riverdeep software*," the Court nonetheless denied Defendants' motion to dismiss and held that the plaintiffs had alleged sufficient facts to state a claim against said officer.  (Id. at *5; citing to Novell)

Similarly, in Best of Everything, the court denied an analogous motion to dismiss for failure to state a claim against an individual where a corporation and individual were both charged with trademark infringement.  [Best of Everything of Sw. Florida, Inc. v. Simply the Best, LLC, 2011 WL 4634147 (M.D. Fla. Oct. 6, 2011)]  In Best of Everything, the plaintiff had alleged that a relationship existed between the individual Defendant and the corporation, and the Court held that "[t]he precise nature of Weinzimmer's relationship with Simply the Best is a discoverable fact, and should the discovery process reveal that Weinzimmer was not a moving, conscious force behind the alleged infringement, Defendants may raise the issue in a motion for summary judgment."  [Id. at *2]

Deckers has alleged sufficient facts to state a claim against the individual Defendants for its Lanham Act claims.  Defendants have not provided any authority or legal argument in its brief to support dismissal of said claims against the individual defendants.

**B.    Deckers Has Alleged Facts Sufficient to State a Claim for Unfair Competition Against The Individual Defendants**

Similar to trademark infringement, "a corporate officer may be held personally liable for trademark infringement ***and unfair competition*** if the officer is a moving, active conscious force behind the defendant corporation's infringement." (Cartier v. Aa-ron Faber, Inc., 512 F.Supp.2d 165, 170 (S.D.N.Y.2007) (emphasis) (citations omitted)]  Again, Defendants have not put forth any legal authority or arguments to support dismissal of these claims against the individual Defendants.

1
2

### C.   Deckers Has Alleged Facts Sufficient to State a Claim for Patent Infringement Against The Individual Defendants

3

This is the only claim in which Defendants have offered any legal argument to

4

support its position for dismissal of the individual Defendants, maintaining that

5

Deckers must allege an alter-ego theory to establish liability against said individuals.

6

[Motion 4:4-28]  However, as discussed above, "corporate officers are also liable for

7

the tort of patent infringement under 35 U.S.C. § 271 where the officer has an 'active

8

directing hand in full charge of its operations.'" [Wordtech Systems, Inc. v. Integrated

9

Network Solutions, Corp., 2009 WL 3246612, *1 (E.D.Cal.,2009) (where Court, on

10

application for default judgment, held that corporate officer was personally liable

11

where plaintiff had alleged that said individual was an officer and owner of defendant

12

corporation and was individually involved in the infringement of the patents-in-suit)

13

citing to Int'l Mfg. Co. v. Landon, Inc., 336 F.2d 723, 728 (9th Cir.1964) (patent

14

infringement case)]

15

35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a

16

patent shall be liable as an infringer." [35 U.S.C. §271(b)]  Under this section,

17

corporate officers who actively assist with their corporation's infringement may be

18

personally liable for inducing infringement *regardless* of whether the circumstances

19

are such that a court should disregard the corporate entity and pierce the corporate veil.

20

[Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1578–79, 1 USPQ2d

21

1081, 1090 (Fed.Cir.1986); White v. Mar-Bel, Inc., 509 F.2d 287, 292–93, 185

22

U.S.P.Q. 129, 132–33 (5th Cir.1975) (officer was "moving force which resulted in the

23

manufacture of the accused device"); International Manufacturing Co. v. Landon, Inc.,

24

336 F.2d 723, 728–29, 142 U.S.P.Q. 421, 425–26 (9th Cir.1964) (officer or "alter ego"

25

was "moving, active conscious force behind [corporation's] infringement" and "is

26

therefore subject to personal liability without regard to whether [the corporation] is his

27

alter ego"); Bewal, Inc. v. Minnesota Mining & Manufacturing Co., 292 F.2d 159, 167,

28

1   129 USPQ 440, 446 (10th Cir.1961) (corporate officer "aided, participated in,
2   approved, ratified and induced" infringement by corporation)]

3       Indeed, Courts have denied motions to dismiss where the exact, or very similar,
4   allegations were pled.  [See e.g. E Clampus Vitus v. Steiner, 2013 WL 4431992, *6
5   (E.D.Cal., 2013) (motion to dismiss denied where the plaintiff alleged sufficient facts
6   that demonstrate that the individual defendants acted "*knowingly, intentionally and*
7   *deliberately*" on behalf of the corporate Defendant.); American Technical Machinery
8   Corp. v. Masterpiece Enterprises, Inc., 235 F.Supp. 917, 918 (D.C.Pa. 1964) (motion
9   to dismiss denied where complaint contained allegations that individual defendant was
10  "moving, active, conscious force behind infringement" of patent)]

11      Deckers' Complaint alleges that the individual Defendants are "***officers,***
12  ***members, directors, and/or managing agents***" of the Defendant corporations and that
13  they were the "***active, moving, conscious forces behind the infringing activities***
14  ***alleged.***" (Complaint, ¶¶ 6, 8, 26)  Deckers further alleges that Defendants acted
15  intentionally in order to trade off Deckers' goodwill and to cause confusion.  (See
16  Complaint, ¶¶ 28 - 30, 57, 67, 74 - 78)  Such allegations, which are to be taken as true
17  in the evaluation of the present motion, are sufficient to maintain causes of actions
18  against these individual Defendants without regard to the corporate veil.

19      Ultimately, Defendants' prognostications on the pleading requirements
20  surrounding §271(a) are full of sound and fury, but signify nothing.  The fact that
21  Deckers does not plead alter-ego nor piercing the corporate veil is of no consequence.
22  As to the inquiry regarding the level of involvement of Defendants in the infringing
23  activities, this is clearly an issue of fact in dispute to be determined at a later state after
24  sufficient discovery has been conducted.

25  **V.    DECKERS SHOULD BE GRANTED LEAVE TO AMEND IN THE**
26  **EVENT DEFENDANTS' MOTION IS GRANTED**

27      As discussed above, Deckers has alleged facts sufficient to sustain all causes of
28  action against Defendants, and thus withstand Defendants' Rule 12 Motion.  However,

1   in the event that this Court requires additional allegations that support Plaintiff's

2   claims, leave to amend should be granted.  Dismissal without leave to amend is

3   improper unless it is clear that the complaint could not be saved by any amendment."

4   [Schreiber Distrib., Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th

5   Cir.1986) ("If a complaint is dismissed for failure to state a claim, leave to amend

6   should be granted unless the court determines that the allegation of other facts

7   consistent with the challenged pleading could not possibly cure the deficiency.");

8   Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks

9   omitted)]

10  **VI.    <u>CONCLUSION</u>**

11          Based on the foregoing, Plaintiff Deckers Outdoor Corporation hereby

12  respectfully requests that this Court DENY Defendants' Motion in its entirety.  In the

13  event this Court is persuaded by Defendants' arguments, Deckers requests that this

14  Court grant leave to amend

15

16   Dated:  March 31, 2014              BLAKELY LAW GROUP

17

18                                      By:   */s/ Cindy Chan*_____
                                            Brent H. Blakely
19                                          Cindy Chan
                                            ***Attorneys for Plaintiff***
20                                          ***Deckers Outdoor Corporation***

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**