**LEWIS BRISBOIS BISGAARD & SMITH** LLP
DANIEL C. DECARLO, SB# 160307
  E-Mail: Dan.DeCarlo@lewisbrisbois.com
JOSEPHINE A. BROSAS, SB# 239342
  E-Mail: Josephine.Brosas@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants Bright Trading Corp., Steven Cheng, Diamond Footwear, Inc., and Shirley Cheng

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHT TRADING CORP., a California Corporation; STEVEN CHENG, an individual; DIAMOND FOOTWEAR, INC., a California Corporation; SHIRLEY CHENG, an individual and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:14-CV-00198<br><br>*[Assigned To: The Hon. John A. Kronstadt Crtrm.:750 - 7th Floor]*<br><br>**REPLY IN SUPPORT OF DEFENDANTS STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)**<br><br>Hearing Date: April 21, 2014<br>Time:     8:30 a.m.<br>Courtroom:   750 – 7th Floor |

4844-0941-7498.1

REPLY IN SUPPORT OF DEFENDANTS STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFF MUST MEET RULE 8 WHICH REQUIRES THAT IT GIVE *FAIR NOTICE* TO THE INDIVIDUAL DEFENDANTS OF THE CLAIMS AGAINST THEM—THE COMPLAINT'S MERE PRO-FORMA AND CONCLUSORY ALLEGATIONS ARE PLAINLY INSUFFICIENT

Plaintiff Deckers Outdoor Corporation misstates the Individual Defendants' arguments in support of its motion. Specifically, the Individual Defendants' Motion to Dismiss is **not** based "entirely" on the argument that "the Individual Defendants are not personally labile [sic] for infringement without pleading 'alter-ego' or piercing of the corporate veil'". (Plaintiff's Opp. at p. 1:3-5). Rather, as discussed in the Motion—under **Rule 8**—the Complaint must be dismissed irrespective of whether or not Plaintiff is claiming alter ego liability or a theory of piercing the corporate veil against the Individual Defendants (it is not clear from the face of the Complaint on what basis Plaintiff relies for personal liability against these defendants). As was discussed in the Motion, the Complaint utterly fails to satisfy the Rule 8 pleading standard which applies to every Complaint.

In its Opposition, Plaintiff repeats and alleges as being "sufficient"— the same, lone, conclusory and fact-barren allegation upon which **every single** cause of action against the individual defendants is based[1]:

> Upon information and belief, Defendants Steven Cheng and Shirley Cheng are officers, members, directors, and/or managing agents of the defendant corporations, and are the active, moving, conscious forces behind the infringing activities alleged herein. (Complaint, ¶26) (Dkt. #1).

---

[1] In what appears to be an effort to detract from its deficient pleading allegations against the individual defendants, Deckers devotes 2 pages of its 10-pg opposition to quoting and discussing allegations not directed to the individual defendants. Such does not change the indisputable fact that the **only** allegation directed to the individual defendants is the conclusory allegation quoted above.



4844-0941-7498.1

1

REPLY IN SUPPORT OF DEFENDANTS STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)

If such allegations are found to suffice, this would certainly trump Rule 8 (and Rule 11) pleading requirements—and any plaintiff can haul an officer, member, director and/or managing agent of a corporation to court and subject them to personal or individual liability, merely because the Complaint contains the "magic" words that they are the "active, moving, conscious forces behind the infringing activities"—without more. Such is not the law.

Plaintiff's Rule 8 obligations are well-settled, straightforward and unequivocal: Plaintiffs must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "[P]laintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Brown v. Redlands Sch. Bd.*, 2013 U.S. Dist. LEXIS 144981, 8-9 (C.D. Cal. Aug. 22, 2013), citing to *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). "[A] failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint." *Brown,* 2013 U.S. Dist. LEXIS 144981 at 9. It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Conclusory allegations, standing alone, may indicate that

4844-0941-7498.1

2

REPLY IN SUPPORT OF DEFENDANTS STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)

the plaintiff is engaged in a fishing expedition. *See Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Deckers has failed to meet these pleading requirements.

Courts in this district have dismissed, or ordered a more definite statement of, complaints which have failed to provide the notice that is required under Rule 8. *See e.g., Peak Performance Nutrition v. Mediapower, Inc.,* 2010 U.S. Dist. LEXIS 65776 (C.D. Cal. June 7, 2010), citing to *Mason v. County of Orange*, 251 F.R.D. 562, 563-64 (C.D. Cal. 2008) ("The use of the omnibus 'Defendants' does not put [the Defendant] on notice as to what he is actually being accused of."); *B. Aronson, Inc. v. Bradshaw Int'l, Inc.*, 2011 U.S. Dist. LEXIS 47769 (C.D. Cal. Apr. 25, 2011) (the court dismissed the claims against the individuals where the Complaint failed to allege facts to support a theory of individual liability; the Complaint alleged that the individual defendants are "founders, officers and/or shareholders" of the defendant corporation); *Mason v. County of Orange*, 251 F.R.D. 562, 563 (C.D. Cal. 2008) (Where each claim for relief is alleged all eleven defendants, including the individual defendants, regardless of whether the facts alleged support such an allegation, the court found that the Complaint "is seriously deficient and fails to inform the [individual defendants] of the nature of the liability theories they face in [the] action." The court, finding the Complaint to be a "typical 'shotgun' pleading", granted the motion for a definite statement); *Krisel v. Contempo Homes, Inc.,* 2006 U.S. Dist. LEXIS 97523 (C.D. Cal. Sept. 27, 2006) ("overly broad and collective reference to 'defendants' actions, fails to meet the standard set forth in Fed. R. Civ. P. 8(a) . . . plaintiff's counsel put little thought and work into identifying the actionable conduct of each defendant in the present action.")

Accordingly, because the Complaint fails to meet the Rule 8 pleading requirements, the Complaint should be dismissed on this basis alone.

## II.  THE CASES CITED BY DECKERS IN ITS OPPOSITION ARE INAPPOSITE AND DISTINGUISHABLE

Deckers cites to *Novell, Inc. v Unicom Sales, Inc.*, 2004 WL 1839117, *17 (N.D. Cal. 2004) for the proposition that in the context of infringement, corporate officers

"are personally liable for the corporation's copyright and trademark infringements when they are a 'moving, active, conscious force' behind the corporation's infringement".  However, *Novell* was a summary judgment case where it was "undisputed that Saghafian [the individual defendant] is the president, sole shareholder, and only officer of Unicom and that he oversaw Unicorn acquisition, advertisement, and distribution of Novell products, and defendants have not opposed plaintiff's motion for summary judgment on the issue of Saghafian's liability." *Id.*   This case has no bearing on the sufficiency of pleading allegations, and certainly, does not change the fact that Deckers' allegation that the individual defendants are the "moving, active, conscious force" is merely a "label and conclusion" which does not pass muster under the Rule 8 standard as discussed above.

Similarly, the non-precedential case *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1478 (11th Cir. 1991) was also in the context of summary judgment, where the court found that "no genuine issue exists on [the individual defendant's] personal liability.  Brody was the president and chief executive officer of Italian Activewear. It was he who purchased the counterfeit goods from Sola; he who advertised the goods as Chanel products in local publications; and he who operated the showroom from which the goods were sold."  Again, this case has no application to pleading requirements, or the instant motion to dismiss.

The non-precedential case *JTH Tax, Inc. v. Gouneh*, 721 F. Supp. 2d 132, 140 (N.D.N.Y 2010) is also completely distinguishable because it was in the context of summary judgment where evidence was presented regarding liability of the individual defendant (Ms. Gouneh).  In that case, the Complaint contained  allegations of Ms. Gouneh's personal involvement in trademark infringement, unfair competition, and deceptive business acts or practices.  For example, the plaintiff alleged that Ms. Gouneh engaged in a direct mail campaigns and published postcards containing the allegedly offending trademark use, with Ms. Gouneh's photograph, description of services and contact information.  This postcard was made an exhibit to the Complaint.  No such

4844-0941-7498.1

4

REPLY IN SUPPORT OF DEFENDANTS STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)

facts or exhibits are alleged here against the Individual Defendants.

The case *Riverdeep Interactive Learning, Ltd. v. MPS Multimedia, Inc*., 2006 U.S. Dist. LEXIS 94524 (N.D. Cal. Dec. 22, 2006) is also distinguishable because in that case, the defendants' motion to dismiss was not based upon Rule 8, but rather, based solely on the argument that "a corporate officer cannot be held liable for actions of the corporation in which the officer did not personally participate, of which the officer has no knowledge or to which the officer has not consented". Also, in denying the motion to dismiss, the court noted the fact that "Defendants do not address *Novell* in their reply" (*Novell*, which is a summary judgment case, is addressed above in this reply).

The non-precedential case *Best of Everything of Southwest Fla., Inc. v. Simply the Best, LLC*, 2011 U.S. Dist. LEXIS 115652 (M.D. Fla. Oct. 6, 2011) is also completely distinguishable because in that case, the Complaint attached exhibits showing the individual defendant's alleged liability and personal involvement. Here, no such exhibits are attached.

Finally, the case *Cartier v. Aaron Faber, Inc.,* 512 F. Supp. 2d 165, 170 (S.D.N.Y. 2007) is also plainly distinguishable because that was a summary judgment case where it was demonstrated by the plaintiff that the officer "authorized and approved the acts of unfair competition" and "personally arranged for the watches to be purchased, modified, and offered for sale."

### III. <u>PLAINTIFF'S CLAIM FOR PATENT INFRINGEMENT—WHICH PLAINTIFF APPARENTLY NOW BASES ON AN "INDUCEMENT" THEORY, FURTHER FAILS, AS CONFIRMED IN THE OPPOSITION</u>

Plaintiff again blatantly misstates the arguments presented in the Motion by claiming that the patent infringement claim "is the only claim in which Defendants have offered any legal argument to support its position". (Opp. at 8:3-4). Not so. As discussed above and in the moving papers, Plaintiff's failure to meet the Rule 8

4844-0941-7498.1

5

REPLY IN SUPPORT OF DEFENDANTS STEVEN CHENG'S AND SHIRLEY CHENG'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)

pleading requirements as to the Individual Defendants infects **the entire Complaint**, not just the patent infringement cause of action.

It also appears that Plaintiff is somehow attempting to impute personal liability against the Individual Defendants based on an "active inducement" theory of infringement. (Opp. at 8:15-19). This does not save the patent infringement cause of action, much less, the entire Complaint from being deficient.

First, the Complaint makes no allegation regarding *inducement* of infringement. Plaintiff's newly-founded "inducement" theory does nothing to cure the Complaint's defects, or make the allegations in the Complaint any less deficient. To now interpret its allegations as based on a theory of "inducement" of infringement, is disingenuous and is unsupported by what has been alleged in the Complaint.

Second, to state a viable claim for induced infringement against the individual defendants, the Plaintiff must allege **facts** showing that each of the individual defendants: (1) "knew of the patent"; (2) "actively and knowingly aid[ed] and abett[ed] another's direct infringement"; and (3) possessed specific intent. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (alterations in original) (internal quotation marks omitted) (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)). As the Supreme Court has clarified, such a claim "requires knowledge that the induced acts constitute patent infringement," *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011), not merely knowledge of the acts themselves, although a showing of willful blindness is also satisfactory, *see id.* at 2074. A defendant's mere negligence or recklessness is insufficient. *See Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1366 (Fed. Cir. 2013). The Complaint is devoid of any such allegations, and thus, on this additional basis, Plaintiff's claims for patent infringement against the individual defendants must fail.

/ / /

/ / /

## IV. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND; RATHER, THE COURT SHOULD DISMISS THE INDIVIDUAL DEFENDANTS, WITHOUT PREJUDICE TO PLAINTIFF AMENDING THE COMPLAINT AT A LATER TIME IF DISCOVERY WARRANTS

It is respectfully suggested that the Individual Defendants be dismissed from the lawsuit now as there are no facts pled which trigger potential liability against either of them. While the Individual Defendants readily concede that courts will routinely grant leave to a Plaintiff to amend a complaint where the defects can be cured, it is submitted herein that Plaintiff is not capable of pleading such in good faith under Fed.R.Civ.P. 11. Moreover, and as a practical matter, if at some point during the litigation Plaintiff discovers facts which would suggest that either of the Individual Defendants engaged in the alleged wrongful activities that would merit holding him or her personally liable, the Complaint could be amended at that time to add them as Defendants. Until that time, however, they should not be burdened as defendants in a lawsuit.

## V. CONCLUSION

For the foregoing reasons and the reasons expressed in the moving papers, the individual defendants respectfully request that the Court dismiss the entire Complaint against them.

Respectfully, submitted,

DATED: April 7, 2014           LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ Josephine A. Brosas
         Daniel C. DeCarlo
         Josephine A. Brosas
         Attorneys for Defendants Bright Trading
         Corp., Steven Cheng, Diamond Footwear,
         Inc., and Shirley Cheng