**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00198 JAK (JEMx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Bright Trading Corp., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS STEVEN CHENG AND SHIRLEY CHENG'S MOTION TO DISMISS (DKT. 23)**

**I.     Introduction**

This action arises out of the alleged trademark and patent infringement of a popular style of UGG® boots. They are designed and marketed by Deckers Outdoor Corporation ("Plaintiff'). It brought this action against Defendants Bright Trading Corp. and Diamond Footwear Inc. (collectively "Corporate Defendants"); and Steven Cheng and Shirley Cheng (collectively "Individual Defendants") based on the sale and marketing of certain competing products. Dkt. 1 at 1. Plaintiff advances causes of action for violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for patent infringement, and for unfair competition under California common law. Dkt. 1. The Individual Defendants have filed a Motion to Dismiss the Complaint (the "Motion"). Dkt. 23.

On April 21, 2014, the Court conducted a hearing on the Motion, at which it expressed its tentative views that the Motion should be granted without prejudice to the filing of an amended complaint. After the parties submitted on the Court's tentative, the Court GRANTED the motion, with leave to amend within 21 days. This Order sets forth the bases for that ruling.

**II.     Factual and Procedural Background**

Plaintiff designs and markets several different styles of sheepskin boots identified by the UGG® trademark. Compl. ¶¶ 4, 13-16. In 2009, Plaintiff introduced the "Bailey Button Boot." *Id.* ¶ 17. Bailey Button Boot styles are characterized by (i) a suede boot; (ii) overlapping panels with curved top edges; (iii) exposed fleece lining edging the overlapping panels and top of the boot shaft; and (iv) one or more buttons prominently featured on the lateral side of the boot shaft adjacent the overlapping panels. *Id.* ¶ 13. These features are shown in the following images:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00198 JAK (JEMx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Bright Trading Corp., et al. | | |

  

*Id.*

Since its introduction in 2009, the Bailey Button Boot trade dress has appeared on UGG® boots; they have been featured in Plaintiff's advertising and promotional materials. *Id.* ¶¶ 17-20. Plaintiff contends that the Bailey Button Boot style and trade dress are covered by its design patents including U.S. Patent Nos. D599,999 for the "Bailey Button Single" boot (registered on September 15, 2009) and D616,189 for the Bailey Button Triplet boot (registered on May 25, 2010). *Id.* ¶ 20. Plaintiff is the lawful assignee of the rights to the Bailey Button design patents. *Id.* ¶ 21.

Plaintiff alleges that the Corporate Defendants have offered for sale or sold products that infringe the Bailey Button trade dress and design patents. Plaintiff alleges that Steven Cheng is a member, officer, director, or managing agent of Bright Trading Corp., and that Shirley Cheng is a member, officer, director, or managing agent of Diamond Footwear, Inc. *Id.* ¶¶ 6, 8. Plaintiff further alleges that "Defendants Steven Cheng and Shirley Cheng . . . are the active, moving, conscious forces behind the infringing activities alleged herein." Dkt. ¶ 26.

**III.   Analysis**

   **A.   Legal Standard**

Fed. R. Civ. P. 12(b)(6) provides that an action may be dismissed if a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). Plausibility is achieved when the pleadings contain factual elements that allow the court to draw a reasonable inference that misconduct occurred. *Id.* When a court considers a motion to dismiss, it first separates the "recitals of the elements of [an] action" from the factual allegations. *Id.* The court then assumes the factual allegations are true, and ignores the legal conclusions. *Id.* After eliminating the bare legal conclusions from the complaint, the court reviews the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00198 JAK (JEMx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Bright Trading Corp., et al. | | |

factual allegations and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Dismissal of a claim is warranted where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, where a set of facts, even if true, would not entitle the plaintiff to relief, dismissal is appropriate. *Id.*

**B.     Application**

      1.     Patent Claim

            a)     Direct Infringement

"Patent infringement is a tort." *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1365 (Fed. Cir. 2008). "In general, a corporate officer is personally liable for his tortious acts, just as any individual may be liable for a civil wrong." *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1411 (Fed. Cir. 1996). However, "the 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech Systems, Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010). "To determine whether corporate officers are personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F. 2d 1565, 1579 (Fed. Cir. 1986).

The law of the regional circuit controls alter ego liability. *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007). The Ninth Circuit applies the law of the forum state to determine whether a corporation is the alter ego of an individual. *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003). Under California law, a claim for alter ego liability requires the showing that: "(1) 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased,' and (2) 'an adherence to the fiction of the separate existence of the corporation would ... sanction a fraud or promote injustice.' " *Hickey*, 322 F.3d at 1128 (quoting *Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir.1988)); *see also Sonora Diamond Corp v. Superior Court*, 83 Cal. App. 4th 523, 538-539 (Cal. App. 2000).

Plaintiff's Complaint fails to assert any precise, factual basis for the alleged liability of the Individual Defendants as alter egos of the entity defendants. The allegations as to the Individual Defendants are limited to the following: (i) they are "member[s], officer[s], director[s], and/or managing agent[s]" of Bright Trading Corp. or Diamond Footwear, Compl. ¶¶ 6, 8; and (ii) they were the "active, moving, conscious forces" behind the alleged patent infringement, *id.* ¶ 26. These allegations are insufficient to support a claim for liability based on an alter ego theory. Indeed, in its Opposition, Plaintiff does not rely on this theory. *See* Dkt. 26 at 2 ("Defendants' . . . Motion to Dismiss is based entirely on the mistaken notion that the individual Defendants are not personally [liable] for infringement without pleading 'alter ego' or piercing of the corporate veil."). Thus, Plaintiff has failed to plead a basis for individual liability under this theory.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00198 JAK (JEMx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Bright Trading Corp., et al. | | |

b)   Inducement

Pursuant to 35 U.S.C. § 271(b), "[c]orporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement regardless of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990). In order to be liable for inducement, "the officer must act culpably in that the officer must actively and knowingly assist with the corporation's infringement." *Hoover Grp., Inc.*, 84 F.3d at 1412. "It is an insufficient basis for personal liability that the officer had knowledge of the acts alleged to constitute infringement." *Id.*

Plaintiff contends that the Complaint adequately alleges that the Individual Defendants induced infringement by the Corporate Defendants. Dkt. 26 at 9. However, as explained above, the Complaint makes only two general allegations: the Individual Defendants were members or officers of the Corporate Defendants and were the moving force behind the alleged infringement. These statements are insufficient to put the Individual Defendants on notice of their alleged, individual roles that would subject each to liability with respect to the claimed infringement by the Corporate Defendants. Nor do these generic allegations explain the manner in which the Individual Defendants "actively and knowingly assist[ed]" with the alleged infringement.

Plaintiff contends that courts have denied motions to dismiss where very similar allegations were presented. Dkt. 26 at 10 (citing *E Clampus Vitus v. Steiner*, 2013 WL 4431992, at *6 (E.D. Cal. 2013); *American Technical Machinery Corp. v. Masterpiece Enterprises, Inc.*, 235 F. Supp. 917, 918 (D.C. Pa. 1964)). Plaintiff's citation to these cases is not persuasive for several reasons. *First*, *E Clampus Vitus* was a trademark action. Thus, it is not relevant to Plaintiff's claims of patent inducement. *Second*, the plaintiff in *E Clampus Vitus* alleged "specific details regarding the individual Defendants' particular roles in certain events." 2013 WL 4431992, at *5. The Complaint here lacks any such detail. *Third*, *American Technical Machinery Corp.* was decided more than 40 years before the decisions by the Supreme Court in *Twombly* and *Iqbal*. These decisions made clear that pleading only legal conclusions was insufficient. Instead, a complaint must set forth "well-pleaded, nonconclusory factual allegation[s]" that plausibly give rise to the right to the requested relief. *Iqbal*, 556 U.S. at 680; *Twombly*, 550 U.S. at 565-70. The allegations against the Individual Defendants do not meet this standard.

*   *   *

For these reasons, Plaintiffs have failed adequately to allege facts that support a claim for patent infringement against the Individual Defendants, either under a theory of alter ego liability or inducement. Therefore, the Motion was GRANTED as to the claim for patent infringement, with leave to amend.

2.   <u>Lanham Act Claims</u>

Section 43(a) of the Lanham Act imposes liability on "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any . . . device, . . . false designation of origin, [or] false or

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00198 JAK (JEMx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Bright Trading Corp., et al. | | |

misleading description of fact . . ., which is likely to cause confusion." 15 U.S.C. § 1125(a). Thus, "courts have held that corporate officers, shareholders, and employees are personally liable for the corporation's . . . trademark infringements when they are a 'moving, active conscious force' behind the corporation's infringement." *Novell, Inc. v. Unicom Sales, Inc.*, C-03-2785 MMC, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004); *see also Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (officer who violated Section 43(a) of the Lanham Act could be held personally liable for his conduct without a claim for alter ego relief); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996) (district court should not have dismissed the Section 43(a) Lanham Act claims against individual defendants who were directors or officers of organizations that violated the Lanham Act). This standard "does not ask whether the individual participated or engaged in some infringing act; instead, it asks whether he actively participated as a moving force in the *decision* to engage in the infringing acts, or otherwise caused the infringement as a whole to occur." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1478 n.8 (11th Cir. 1991) (emphasis in original).

The Lanham Act claims alleged against the Individual Defendants are inadequate for the same reasons discussed with respect to the claims of patent infringement. The Complaint sets forth only the bare legal assertion that the Individual Defendants were the active, conscious, moving forces behind the alleged Lanham Act violations. It does not contain any specific factual allegations regarding the alleged role of either of the Individual Defendants in the decisions to engage in the alleged infringing acts by the entities. Nor are there other specific facts pleaded that, if established, would show that the Individual Defendants caused the infringement to occur.

Plaintiff contends that the allegations in the Complaint are sufficient when the standards of several prior cases are applied. This argument is not persuasive. For example, in *JTH Tax, Inc. v. Gouneh*, 721 F. Supp. 2d 132, 140 (N.D.N.Y. 2010), one of the cases on which Plaintiff relies, the court declined to dismiss claims against an individual defendant because the complaint adequately alleged "personal involvement" in the alleged trademark infringement and unfair competition. Thus, the complaint alleged that the individual defendant had "conducted a direct mailing campaign" in which allegedly infringing postcards were mailed to various customers. *Id.* at 136. The Complaint in this action contains no such specific allegations about the alleged roles of the Individual Defendants in the claimed trade dress infringement, unfair competition, and false designation of origin.

The result is the same as to *Riverdeep Interactive Learning, Ltd. v. MPS Multimedia, Inc.*, 2006 WL 3797962 (N.D. Cal. Dec. 22, 2006). There, the court denied a motion to dismiss claims against an individual defendant notwithstanding that the complaint contained only the allegation that he, "as . . . President and CEO, directs, controls and ratifies the actions of [the company] including the unlicensed and unauthorized replication and distribution of Riverdeep software." *Id.* at *5. However, *Riverdeep* was decided before *Twombly* and *Iqbal*. The Court is not persuaded that *Riverdeep* remains persuasive. *See Salt Optics, Inc. v. Jand, Inc. et al.*, No. SACV 10-0828DPC(RNBx), 2010 WL 4961702, at *7 (C.D. Cal. Nov. 19, 2010) ("What might have been considered a 'heightened pleading standard' in the pre *Twombly* era may simply be the default standard today.").

For these reasons, Defendant's Motion was GRANTED with respect to Plaintiff's first, second, and third causes of action under the Lanham Act, with leave to amend.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00198 JAK (JEMx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Bright Trading Corp., et al. | | |

### 3. California Common Law Unfair Competition Claim

"The common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another . . . [, or] acts analogous to 'passing off,' such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market." *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1263, 10 Cal.Rptr.2d 538, 544, 833 P.2d 545, 551 (1992). Under California law, "[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done." *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595, 463 P.2d 770, 775 (1970); *see also Frances T. v. Vill. Green Owners Assn.*, 42 Cal. 3d 490, 508, 723 P.2d 573, 584 (1986).

Plaintiff's California unfair competition claim is premised on its trade dress and patent infringement claims. Compl. ¶ 73 ("Defendants' infringement of Plaintiff's Bailey Button Boot Trade Dress and Bailey Button Design Patents constitutes unfair competition in violation of the common law of the State of California."). It fails for the same reasons discussed above. The Complaint does not contain any factual allegations tending to show that the Individual Defendants "participate[d]" in, "authorize[d]," or "direct[ed]" the alleged infringement. Thus, Plaintiff has failed to state a claim against these defendants under California law. For these reasons, Defendant's Motion was GRANTED with respect to this cause of action, with leave to amend.

### C. Leave to Amend

As noted above and as stated at the hearing, Plaintiff will be permitted to seek to amend its Complaint in response to the deficiencies identified by this Order. Civil Rule 15 provides the standard on this issue. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations omitted). "Not all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Normally, when a viable case may be pled, a district court should freely grant leave to amend." *Cafasso v. Gen. Dynamics CF Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citing *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

Here, the deficiencies identified in this Order are of the type that may be cured by an amended pleading. In an amended complaint, Plaintiff must address the shortcomings identified in this Order with respect to the Complaint. Thus, it must present an amended complaint that contains specific, factual allegations that support the claims against each Individual Defendant. This result is also warranted because there has been no showing that Plaintiff acted in bad faith or that Defendants would be prejudiced by the filing of an amended complaint. Accordingly, Plaintiff was given leave to amend.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00198 JAK (JEMx) | | Date | April 28, 2014 |
|---|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Bright Trading Corp., et al. | | | |

### IV. Conclusion

For the foregoing reasons, the Motion was GRANTED, without prejudice to the filing of an amended complaint. Plaintiff shall file any amended pleading on or before May 12, 2014.

**IT IS SO ORDERED.**

 : 

Initials of Preparer   ak