UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>　　　　　　　　Plaintiff,<br>　　　v.<br><br>BRIGHT TRADING CORP., a California, Corporation; STEVEN CHENG an individual; DIAMOND FOOTWEAR INC., a California Corporation; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. 2:14-CV-00198-JAK-JEM<br><br>**ORDER RE CONSENT JUDGMENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE**<br><br>**JS-6** |

WHEREAS **Plaintiff Deckers Outdoor Corporation** having filed a Complaint in this action charging **Defendants Bright Trading Corp.**, **Steven Cheng**, and **Diamond Footwear, Inc**. (collectively "Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having stipulated to the below terms, IT IS HEREBY ORDERED that:

　　　1.　　This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

　　　2.　　Deckers is the owner of the "**Bailey Button Boot Trade Dress**," which is characterized, inter alia, by

- Classic suede boot styling made famous by the UGG brand;

- Overlapping of front and rear panels on the lateral side of the boot shaft;
- Curved top edges on the overlapping panels;
- Exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and
- One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels.

Exemplars of Deckers' UGG® boots that bear the Bailey Button Boot Trade Dress are depicted below.

  

3. Deckers is the owner of the well known and registered UGG® trademark for footwear, and is the owner of common law rights in and to the "**UGG Classic Trade Dres**s" for boots, which consists substantially of the following primary features in combination: An exaggerated, raised, and exposed circular stitch pattern in vertical lines on the sides and back of the boot shaft and in a substantially horizontal line at the intersection of the boot vamp and shaft; a license plate type shape on the heel; exposed fleece tufting, and foldable boot cuff; a raised and rounded dome shaped toe; a heel overlay on the boot's exterior; brushed suede-like exterior; a thick flat sole; and fabric binding on the top of the shaft and above the outsole (as illustrated in the photos below)

   

4. Many of Deckers' UGG® footwear designs, including those with the Bailey Button Boot Trade Dress, are also protected by design patents issued by the United States Patent and Trademark Office. Design Patents for UGG® Bailey Button Boot styles include, but are not limited to, U.S. Patent Nos. D599,999 for the "Bailey Button Single" boot (registered on September 15, 2009) and D616,189 for the "Bailey Button Triplet" boot (registered on May 25, 2010) (hereinafter "Bailey Button Design Patents").

5. Defendants and their agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Consent Judgment are hereby permanently restrained and enjoined from infringing upon Plaintiff's UGG Classic Trade Dress, Bailey Button Boot Trade Dress and/or Bailey Button Design Patents, either directly or contributorily in any manner, including:

 (a) Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling products which infringe upon the UGG Classic Trade Dress, Bailey Button Boot Trade Dress, and/or Bailey Button Design Patents, including but not limited to those depicted in <u>Exhibit A</u> attached hereto;

 (b) Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner the products depicted in <u>Exhibit A</u>, except as otherwise provided by the parties' written settlement agreement;

 (c) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by,

authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

    (d)    Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(c) above.

6. Plaintiff and Defendants shall bear their own costs and attorneys' fees associated with this action.

7. The execution of this Consent Judgment shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of this action shall not have preclusive effect on those who are not a party to this action or who are not specifically released in the parties' written settlement agreement, all claims against whom Plaintiff expressly reserves.

8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED: July 18, 2014

_____
Hon. John A. Kronstadt
**United States District Judge**

# EXHIBIT A








NOTE: The photos attached hereto are exemplars and the prohibitions contained in this Injunction are not specific to color.